UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John H. Darby, Jr., #62510, ) | C/A No. 3:11-1316-CMC-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Warden Stevenson, Broad River C.I., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

John H. Darby, Jr. ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks to vacate his state 1970 conviction of murder and life sentence. This Petition should be dismissed for lack of jurisdiction.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if Petitioner had paid the full filing fee, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

Petitioner alleges that he was convicted by a jury of murder in January of 1970 in the Orangeburg County Court of General Sessions, and he received a sentence of life imprisonment. Petitioner alleges that he did not file a direct appeal. Petitioner alleges that he has filed three state habeas corpus or post-conviction relief ("PCR") lawsuits in the Orangeburg County Court of Common Pleas, each of which was dismissed. Petitioner alleges that he appealed each PCR petition to the highest state court having jurisdiction. Petitioner also alleges that he filed a habeas corpus

case with the South Carolina Supreme Court in its original jurisdiction.[2] In the action *sub judice*, Petitioner raises the following grounds for relief: the trial court did not have jurisdiction to enter a conviction and sentence against Petitioner; his trial was fundamentally unfair due to the unconstitutional jury instructions; his trial and appellate process were fundamentally unfair due to procedural due process violations; and "why should the Petition be heard and ruled upon?" Petitioner alleges that equitable tolling should apply to this case such that the one-year AEDPA limitations period should not bar this action because, "[t]here was a total procedural breakdown from the very beginning of this case up to this current action, which makes it an exceptional circumstances; whereas the Petitioner's trial and ensuing appellate processes were not full, and fair, but tainted by so many constitutional defects that equitable tolling should be available to permit Petitioner's claim to proceed." Petitioner alleges that he filed a prior federal habeas corpus action on August 22, 2008, and that his petition was dismissed by this Court on June 16, 2009. Petitioner requests that this Court vacate his murder conviction and sentence "with no retrial."

## Discussion

This Court takes judicial notice that Petitioner filed a previous § 2254 habeas petition in this Court, *Darby v. State*, C/A No. 3:08-2931-CMC-JRM (D.S.C. 2009) ("*Darby I*"), attacking the same murder conviction which he seeks to vacate in this Petition. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Darby I*, this Court dismissed the § 2254 case on the merits with prejudice and granted summary judgment in favor of Respondent. *See Darby I*, Op. and

---

2) Petitioner attached an Exhibit to his § 2254 Petition which reveals that on January 20, 2011, he filed a petition for original jurisdiction seeking habeas corpus relief with the South Carolina Supreme Court, and the court denied his petition. ECF No. 1-1 at 10.

Order, June 16, 2009, ECF No. 28; Order, June 22, 2009, ECF No. 33. Notably, several of Petitioner's grounds for relief raised in his *Darby I* petition appear to be raised again in this case. *See Darby I*, Report and Recommendation, May 22, 2009, ECF No. 24. In *Darby I*, Petitioner appealed the District Court decision to the Fourth Circuit Court of Appeals, and on December 11, 2009, the Court of Appeals dismissed the appeal. *Id.*, Op., Dec. 11, 2009, ECF No. 42.

The action *sub judice* should be dismissed because it is successive, and it appears that Petitioner has not received permission from the Court of Appeals for the Fourth Circuit to file this action in this district court. "Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See* Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d at 1194 (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima

facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996). In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[3] Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within Petition in this Court, then this Court does not have jurisdiction to consider it. *Cf. United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Williams*, 444 F.3d 233, 237 (4th Cir. 2006).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Petition in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).

*Petitioner's attention is directed to the important notice on the next page.*

July 5, 2011                                             Joseph R. McCrorey
Columbia, South Carolina                    United States Magistrate Judge

---

3) Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).